12-2901
Wang v. Holder

BIA
A094 813 829

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand thirteen.

PRESENT:
       ROBERT A. KATZMANN,
           *Chief Judge,*
       JON O. NEWMAN,
       CHRISTOPHER F. DRONEY,
           *Circuit Judges.*

_____

GUO MAN WANG,
       *Petitioner,*

      v.                 12-2901
                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:      David J. Rodkin, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Jennifer P. Levings, Senior Litigation Counsel,Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guo Man Wang, a native and citizen of China, seeks review of a June 26, 2012 decision of the BIA denying his motion to reopen his removal proceedings. *In re Guo Man Wang*, No. A094 813 829 (B.I.A. June 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Wang's motion to reopen, filed in October 2011, was untimely because the BIA issued a final order of removal in April 2009.

Wang contends, however, that his recent membership in the Democratic Party of China ("DPC"), and the Chinese government's awareness of his political activities in the

United States, constitute materially changed conditions excusing his untimely motion.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

Contrary to Wang's contention, the BIA did not abuse its discretion in finding that he had not established changed country conditions.  Nothing in the United States Department of State reports compel the conclusion that the treatment of DPC members has worsened since 2007. *See* 8 U.S.C. §1252(b)(4)(B) (the BIA's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir.  2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (citation omitted).  Although Wang contends that a recent report shows that political activists returning to China from abroad are imprisoned, he did not credibly establish that the Chinese government was aware of his political activities in this country or would consider him to be a political activist.

Notably, the BIA found that the only evidence supporting this claim – a statement from Wang's wife – was unreliable because it was unsworn and largely repeated the

3

assertions made in a previous statement submitted in support of Wang's 2006 asylum application. Given the underlying adverse credibility determination, the BIA's determination that the statement should be given little weight was not an abuse of discretion. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-49 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in declining to credit documents submitted with a motion to reopen where alien had been found not credible in the underlying asylum hearing); *see also Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to letters from relatives that were written by interested witnesses not subject to cross-examination), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Moreover, the BIA reasonably found that Wang's membership in the DPC constituted changed personal circumstances, which are insufficient to excuse the untimely filing of his motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that the limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after

4

being ordered to leave the United States"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008) (concluding that the system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.*, by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left:50%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>